1  CURTIS R. TINGLEY (SBN 112322)
   ctingley@tingleyllp.com
2  KEVIN P. O'BRIEN (SBN 215148)
   kobrien@tingleyllp.com
3  KEVIN W. ISAACSON (SBN 281067)
   kisaacson@tingleyllp.com
4  TINGLEY PIONTKOWSKI LLP
   10 Almaden Boulevard, Suite 430
5  San Jose, California 95113
   Telephone:  (408) 283-7000
6  Facsimile:   (408) 283-7010

7  Attorneys for Defendant
   WEST COAST GOODS LLC

8

9                UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11              WESTERN DIVISION – LOS ANGELES

12

13  GLOBEFILL INCORPORATED,              CASE NO.  CV13-02056 MRP CW
    a Canadian corporation,
14                                       **ANSWER TO COMPLAINT**
                      Plaintiff,
15                                       **DEMAND FOR JURY TRIAL**
          v.
16
    TEQUILERA LA TILICA S.A. de C.V.,
17  a Mexican company; WEST COAST
    GOODS LLC, a California limited
18  liability company,

19                    Defendants.

20

21         COMES NOW Defendant WEST COAST GOODS LLC (hereinafter

22  "DEFENDANT") to herewith answer the Complaint:

23         1.    Answering Paragraph 1 of Plaintiff's Complaint, DEFENDANT is

24  without sufficient knowledge or information to form a belief as to the truth of the

25  allegations contained in said paragraph, and, on that basis, denies the allegations

26  contained therein.

27         2.    Answering Paragraph 2 of Plaintiff's Complaint, DEFENDANT is

28  without sufficient knowledge or information to form a belief as to the truth of the

1   allegations contained in said paragraph, and, on that basis, denies the allegations

2   contained therein.

3        3.     Answering Paragraph 3 of Plaintiff's Complaint, DEFENDANT

4   admits the allegations contained therein.

5        4.     Answering Paragraph 4 of Plaintiff's Complaint, DEFENDANT

6   admits the allegations contained therein.

7        5.     Answering Paragraph 5 of Plaintiff's Complaint, DEFENDANT is

8   without sufficient knowledge or information to form a belief as to the truth of the

9   allegations contained in said paragraph, and, on that basis, denies the allegations

10  contained therein.

11       6.     Answering Paragraph 6 of Plaintiff's Complaint, DEFENDANT is

12  without sufficient knowledge or information to form a belief as to the truth of the

13  allegations contained in said paragraph, and, on that basis, denies the allegations

14  contained therein.

15       7.     Answering Paragraph 7 of Plaintiff's Complaint, DEFENDANT is

16  without sufficient knowledge or information to form a belief as to the truth of the

17  allegations contained in said paragraph, and, on that basis, denies the allegations

18  contained therein.

19       8.     Answering Paragraph 8 of Plaintiff's Complaint, DEFENDANT is

20  without sufficient knowledge or information to form a belief as to the truth of the

21  allegations contained in said paragraph, and, on that basis, denies the allegations

22  contained therein.

23       9.     Answering Paragraph 9 of Plaintiff's Complaint, DEFENDANT is

24  without sufficient knowledge or information to form a belief as to the truth of the

25  allegations contained in said paragraph, and, on that basis, denies the allegations

26  contained therein.

27       10.    Answering Paragraph 10 of Plaintiff's Complaint, DEFENDANT is

28  without sufficient knowledge or information to form a belief as to the truth of the

1  allegations contained in said paragraph, and, on that basis, denies the allegations

2  contained therein.

3      11.   Answering Paragraph 11 of Plaintiff's Complaint, DEFENDANT

4  admits the allegations contained therein.

5      12.   Answering Paragraph 12 of Plaintiff's Complaint, DEFENDANT

6  admits the allegations contained therein.

7  **COUNT I**

8      13.   Answering Paragraph 13 of Plaintiff's Complaint, DEFENDANT

9  incorporates by reference the responses set forth in Paragraphs 1-12.

10      14.   Answering Paragraph 14 of Plaintiff's Complaint, DEFENDANT is

11  without sufficient knowledge or information to form a belief as to the truth of the

12  allegations contained in said paragraph, and, on that basis, denies the allegations

13  contained therein.

14      15.   Answering Paragraph 15 of Plaintiff's Complaint, DEFENDANT is

15  without sufficient knowledge or information to form a belief as to the truth of the

16  allegations contained in said paragraph, and, on that basis, denies the allegations

17  contained therein.

18      16.   Answering Paragraph 16 of Plaintiff's Complaint, DEFENDANT

19  denies the allegations contained therein.

20      17.   Answering Paragraph 17 of Plaintiff's Complaint, DEFENDANT

21  denies the allegations contained therein.

22      18.   Answering Paragraph 18 of Plaintiff's Complaint, DEFENDANT

23  denies the allegations contained therein.

24      19.   Answering Paragraph 19 of Plaintiff's Complaint, DEFENDANT

25  denies the allegations contained therein.

26      20.   Answering Paragraph 20 of Plaintiff's Complaint, DEFENDANT

27  denies the allegations contained therein.

28  ///

TINGLEY
PIONTKOWSKI LLP
ATTORNEYS AT LAW

**ANSWER TO COMPLAINT
CASE NO. CV13-02056 MRP CW**

## COUNT II

21.     Answering Paragraph 21 of Plaintiff's Complaint, DEFENDANT incorporates by reference the responses set forth in Paragraphs 1-20.

22.     Answering Paragraph 22 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

23.     Answering Paragraph 23 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

24.     Answering Paragraph 24 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

1.     As for a first, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

2.     As for a second, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering Defendant alleges that Plaintiff is barred by the Doctrine of Estoppel.

3.     As for a third, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering Defendant alleges that Plaintiff is barred by the Doctrine of Unclean Hands.

4.     As for a fourth, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering Defendant alleges that Plaintiff is barred by the Doctrine of Waiver.

5.     As for a fifth, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering Defendant alleges that, at all times and places mentioned herein, Plaintiff failed to mitigate the amount of damages.  The damages claimed by Plaintiff could have been mitigated by due diligence on Plaintiff's part or by one acting under similar circumstances.  The

1    failure to mitigate is a bar to recovery under the Complaint.

2         6.    As for a sixth, separate and distinct affirmative defense to the

3    Complaint, and each and every count therein, this answering Defendant alleges that

4    each of the causes of action set forth in the Complaint is barred by the applicable

5    statute of limitations, including, but not limited to, California Code of Civil

6    Procedure §§ 337, 338, 339, 340, 343, California Civil Code § 3426.6, and

7    17 U.S.C. § 507.

8         7.    As for a seventh, separate and distinct affirmative defense to the

9    Complaint, and each and every count therein, this answering Defendant alleges on

10   information and belief that the sole and proximate cause of the acts complained of

11   by Plaintiff were due to the acts and/or omissions of persons and entities other than

12   Defendant.

13        8.    As for an eighth, separate and distinct affirmative defense to the

14   Complaint, and each and every count therein, this answering Defendant alleges that

15   Defendant's conduct was not the cause in fact or the proximate cause of any of the

16   losses alleged by Plaintiff.

17        9.    As for a ninth, separate and distinct affirmative defense to the

18   Complaint, and each and every count therein, this answering Defendant alleges that

19   the causes of action set forth in the Complaint are, and each of them is, barred in

20   whole or in part by the privilege of fair competition.

21        10.   As for a tenth, separate and distinct affirmative defense to the

22   Complaint, and each and every count therein, this answering Defendant alleges that

23   Plaintiff was negligent, careless, reckless, or otherwise at fault in and about the

24   matters alleged in the Complaint.

25        11.   As for an eleventh, separate and distinct affirmative defense to the

26   Complaint, and each and every count therein, this answering Defendant alleges that

27   this Court lacks personal jurisdiction over Defendant.

28        12.   As for a twelfth, separate and distinct affirmative defense to the

1  Complaint, and each and every count therein, this answering Defendant alleges that
2  this Court lacks proper venue.

3       13.    As for a thirteenth, separate and distinct affirmative defense to the
4  Complaint, and each and every count therein, this answering Defendant alleges that
5  the Trademark Registrations alleged in the Complaint were improperly filed with
6  the United State Copyright Office, if they were filed at all.

7       14.    As for a fourteenth, separate and distinct affirmative defense to the
8  Complaint, and each and every count therein, this answering Defendant alleges that
9  Plaintiff's alleged trademarks are weak and were not infringed.

10       15.    As for a fifteenth, separate and distinct affirmative defense to the
11  Complaint, and each and every count therein, this answering Defendant alleges that
12  Plaintiff is barred by the Doctrine of Laches.

13       16.    As for a sixteenth, separate and distinct affirmative defense to the
14  Complaint, and each and every count therein, this answering Defendant alleges that
15  Plaintiff's claims are barred as the trademarks in question are invalid and/or have
16  lost any trademark protection that they might have had.

17       17.    As for a seventeenth, separate and distinct affirmative defense to the
18  Complaint, and each and every count therein, this answering Defendant alleges that
19  Plaintiff's claims are invalid as there has been no actual infringement.

20       18.    As for an eighteenth, separate and distinct affirmative defense to the
21  Complaint, and each and every count therein, this answering Defendant alleges that
22  Plaintiff's claims are barred by the First Sale Doctrine.

23       19.    As for a nineteenth, separate and distinct affirmative defense to the
24  Complaint, and each and every count therein, this answering Defendant alleges that
25  its actions constitute normative fair use, thereby invalidating the cause of action set
26  forth in the Complaint.

27       20.    As for a twentieth, separate and distinct affirmative defense to the
28  Complaint, and each and every count therein, this answering Defendant alleges that

1  Plaintiff has abandoned its alleged rights in the marks by acts which have caused

2  the marks to lose their significance.

3      21.   As for a twenty-first, separate and distinct affirmative defense to the

4  Complaint, and each and every count therein, this answering Defendant alleges that

5  Plaintiff is barred by the Doctrine of Innocent Intent and that this answering

6  Defendant acted with innocent intent in the actions which were taken and made

7  reasonable efforts to ensure that it was not required to obtain additional

8  "permission" for the alleged actions set forth in the Complaint.

9      22.   As for a twenty-second, separate and distinct affirmative defense to the

10  Complaint, and each and every count therein, this answering Defendant alleges that

11  Plaintiff's state law and/or common law claims, if any, are preempted and/or

12  displaced by federal law.

13      WHEREFORE, this answering Defendant prays for judgment as follows:

14      1.   That Plaintiff's request for damages be denied.

15      2.   That Plaintiff's request for injunctive relief be denied;

16      3.   For reasonable attorney's fees and costs of suit incurred therein; and

17      4.   For such other and further relief as the Court deems proper.

18  Dated:  April 10, 2013          TINGLEY PIONTKOWSKI LLP

19

20                                 By: _____

21                                    KEVIN P. O'BRIEN
                                      Attorneys for Defendant

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2     Defendant hereby demands a jury trial as provided by Rule 38(a) of the

3  Federal Rules of Court.

4  Dated:  April 10, 2013                              TINGLEY PIONTKOWSKI LLP

5

6                                                           By: _____

7                                                           KEVIN P. O'BRIEN
                                                            Attorneys for Defendant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28